BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
DEC 12 1973
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE CLINTON OIL COMPANY )
SECURITIES LITIGATION ) DOCKET NO. 137

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of seven private actions in five different districts against Clinton Oil Company and certain individuals concerning alleged violations of the federal securities laws. Plaintiffs in these actions purport to represent basically two classes of claimants: persons who purchased participating interests in oil and gas programs of Clintion Oil and persons who purchased Clinton Oil common stock.

Defendant Clinton Oil moves the Panel for an order transferring all actions to the District of Kansas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. All parties except plaintiff Bekoff favor transfer of their respective actions; the parties disagree, however, as to which

---

\* Although Judges Murrah and Becker were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

district is the most appropriate transferee forum. We find that these actions involve common questions of fact and that transfer of all actions to the District of Kansas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

In January 1973 the Securities and Exchange Commission brought an action in the District of Kansas against Clinton Oil Company and certain former officers, directors and employees of Clinton Oil or Real Petroleum Company. The SEC alleged that the prospectuses disseminated by Clinton Oil in connection with its oil and gas programs and the prospectus disseminated by Real Petroleum in connection with the merger of Real Petroleum into Clinton Oil were in violation of the federal securities laws. The complaints in the seven private actions contain allegations substantially similar to those asserted by the SEC.

Because the private actions clearly raise common factual issues and contain similar class allegations, transfer to a single district for coordinated or consolidated pretrial proceedings is necessary in order to avoid duplication of discovery and eliminate the possibility of inconsistent class determinations. See, e.g., In re Mutual Fund Sales Antitrust Litigation, 361 F. Supp. 638 (J.P.M.L. 1973).

Plaintiff Bekoff is the only party who opposes transfer. His action was commenced as both a class and derivative action. The class claim seeks relief on behalf of all former shareholders of Real Petroleum who received Clinton Oil stock upon the merger of the two companies. The derivative claim, on

- 3 -

the other hand, is based upon a contention that defendant Rialto P. Clinton was indebted to Clinton Oil and has refused to honor the obligation. Bekoff opposes transfer on two grounds. First, he asserts that he does not intend to pursue his class claim but rather will rely on the class representative in one of the other actions. Secondly, he argues that the derivative claim has little in common with the other actions.

We are not persuaded by Bekoff's argument. Even if he does not pursue his class claim, we believe that transfer of this action for coordinated or consolidated pretrial proceedings with the other actions in this litigation is warranted because the factual issues raised in the derivative claim clearly will involve discovery common to all actions.

Although certain parties urge transfer to an East Coast location, we find that the District of Kansas is the most appropriate transferee forum for this litigation. The defendant's corporate headquarters is located in Kansas and, as a result, the vast majority of the relevant documents and anticipated witnesses are located within that district. In addition, the transferee judge may coordinate proceedings in the private actions with the proceedings in the SEC action, which is also pending in the District of Kansas.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A pending in districts other than the District of Kansas be, and the same hereby are, transferred to the District of Kansas and, with the consent of that court, assigned

- 4 -

to the Honorable Wesley E. Brown for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district and listed on Schedule A.

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 137 |

### DISTRICT OF KANSAS

| | |
|---|---|
| Shirley B. D'Alonzo v. Clinton Oil Company, et al. | Civil Action No. W-5083 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Oscar Bekoff, et al. v. R. E. Clinton, et al. | Civil Action No. 72 Civ. 1880 |
| Paul Kreindler v. Clinton Oil Company, et al. | Civil Action No. 72 Civ. 5164 |
| Hugh Barnes, et al. v. Clinton Oil Company, et al. | Civil Action No. 72 Civ. 306 |

### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John M. DeStefano, et al. v. Clinton Oil Company, et al. | Civil Action No. 73-586-G |

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jack Nathan v. Clinton Oil Company, et al. | Civil Action No. 72C2025 |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mary d'O. Saurbrey, etc. v. Clinton Oil Company, et al. | Civil Action No. 73-138 |